UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 13-2218-Goodman

UNITED STATES OF AMERICA

v.

SHIMON NIZRI,

    Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes __X__ No

        Respectfully submitted,

        WIFREDO A. FERRER
        UNITED STATES ATTORNEY

BY:   /s/ Francisco R. Maderal
        FRANCISCO R. MADERAL
        ASSISTANT UNITED STATES ATTORNEY
        Fla. Bar. No. 41481
        99 N. E. 4th Street
        Miami, Florida  33132-2111
        TEL (305) 961-9159
        FAX (305) 530-7976

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
| | ) Case No. 13-2218-Goodman |
| SHIMON NIZRI, | ) |
| | ) |
| | ) |
| _Defendant(s)_ | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **February 13, 2014** in the county of **Miami-Dade** in the **Southern** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 31, United States Code, Section 5332(a) and Title 18, United States Code, Section 1001. | The defendant, SHIMON NIZRI, did knowingly with the intent to evade a currency reporting requirment under Title 31, United States Code, Section 5316, knowingly conceal more than $10,000, that is, monetary instruments of approximately $37,200.00 on his person and did attempt to transport such currency from a place outside the United States to a place inside the United States; and the defendant did knowingly and willfully make a false statements as to a material fact, in violation of Title 18, United States Code, Section 1001. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_Complainant's signature_

DARRYL ROBINSON, S/A HSI
_Printed name and title_

Sworn to before me and signed in my presence.

Date: 2-14-2013

_Judge's signature_

City and state: Miami, Florida       Jonathan Goodman, U.S. Magistrate Judge
_Printed name and title_

## AFFIDAVIT

I, Darryl Robinson, being duly sworn, do hereby depose and state as follows:

1. I am employed as a Special Agent with the Department of Homeland Security (DHS), Homeland Security Investigations, and have been so employed since June 1992. I am currently assigned to the Financial Investigations Division, also known as the Currency Investigations Task Force, in Miami, Florida. As a Special Agent, I have participated in investigations into violations of federal law, including violations of the monetary currency reporting requirements.

2. The information contained in this affidavit is being submitted for the limited purpose of establishing probable cause for the issuance of a criminal complaint against Shimon NIZRI for violations of federal law. Therefore, while it sets forth facts that I believe are more than sufficient to establish probable cause for the issuance of the complaint, it does not include all facts known to law enforcement regarding the instant investigation.

3. On February 13, 2013, at or around 9:30 p.m., passenger NIZRI, arrived at Miami International Airport from London on an American Airlines Flight. On his Customs Declaration Form, NIZRI declared that he was not carrying currency in excess of $10,000 USD.

4. During NIZRI's initial Customs and Border Protection (CBP) interview CBP Officers were alerted to the fact that NIZRI previously overstayed a visa in the United States.

5. NIZRI was referred to CBP secondary where he stated to CBP officers that he had only around $3,000 USD in his possession. NIZRI then presented $2,700 USD to the CBP officers.

6. Later, a routine pat-down revealed that NIZRI had an additional $34,500 USD concealed in his underwear. The total amount of money in NIZRI's possession was $37,200 USD.

7. After receiving *Miranda* warnings, NIZRI voluntarily waived his *Miranda* rights and was interviewed by your Affiant along with other task force officers. NIZRI admitted the $34,500 was his. NIZRI claimed that CBP Officers completed declaration

for him, but later indicated that he didn't declare the money because he was afraid it would be taken.

8. Based on the foregoing facts, your Affiant submits that probable cause exists to believe that the defendant, did knowingly and intentionally transport and attempt to transport, currency and monetary instruments of more than ten thousand dollars ($10,000.00) from a place outside of the United States to a place inside the United States with the intent to evade currency reporting requirements by knowingly concealing more than ten thousand dollars ($10,000.00), in currency or other monetary instruments in violation of Title 31, United States Code, Section 5332(a)(1); and, in a matter within the jurisdiction of the United States, knowingly and willfully made false statements as to a material fact to an Officer of the United States Customs and Border Protection (CBP), in violation of Title 18, United States Code, Section 1001.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Darryl Robinson, Special Agent
Homeland Security Investigations

Subscribe and sworn to before me on this 14th day of February, 2013

JONATHAN GOODMAN
UNITED STATES MAGISTRATE JUDGE